# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CAHABA VALLEY HEALTH SERVICES, INC., et al,** } } } | |
| **Plaintiffs,** } } | |
| **v.** } } | **Case No.: 7:19-cv-1026-RDP** |
| **GREAT AMERICAN ALLIANCE INSURANCE COMPANY,** } } | |
| **Defendants.** | |

| | |
|---|---|
| **CAHABA VALLEY HEALTH SERVICES, INC., et al,** } } } | |
| **Plaintiffs,** } } | |
| **v.** } } | **Case No.: 7:19-cv-01213-RDP** |
| **GREAT AMERICAN ALLIANCE INSURANCE COMPANY,** } } | |
| **Defendants.** | |

## MEMORANDUM OPINION

This matter is before the court on Defendant Great American Alliance Insurance Company's Motion for Realignment of Parties (Doc. # 3) and Motion to Consolidate Cases (Doc. # 4), and Plaintiff Cahaba Valley Health Service's Motion to Remand (Doc. # 8). After careful consideration, and for the reasons explained below, the court concludes that Defendant's Motion for Realignment of Parties (Doc. # 3) and Motion to Consolidate Cases (Doc. # 4) are due to be granted, and Plaintiff's Motion to Remand is due to be denied.

**I. Background**

On July 25, 2019, this action was filed by Plaintiff Cahaba Valley Health Services ("Cahaba") in Alabama state court[1] seeking payment of insurance benefits by Defendant Great American Alliance Insurance Company ("Great American"). (Doc. # 1 at ¶2). Cahaba previously obtained a judgment[2] in state court against Great American's insured, Bravo Food Services, LLC ("Bravo"). (Doc. # 1 at ¶2).

Cahaba's Complaint contains two counts. Count One, titled Request for Declaratory Judgment, seeks a ruling establishing the right of Cahaba to recover Bravo's insurance benefits under a policy issued by Great American. (*Id.* at ¶3). As part of that claim, Cahaba also requests that Great American be required to indemnify Cahaba and Bravo in connection with the verdict obtained in the underlying lawsuit. (*Id.*). Count Two, titled Direct Action Against Insurer, alleges that Cahaba, as a judgment creditor of Bravo, has a statutory right under Alabama Code § 27-23-2 to bring a direct action against Great American for payment of the insurance policy benefits purchased by Bravo. (*Id.*).

Cahaba is a non-profit corporation organized under the laws of Alabama with its principal place of business in Centreville, Alabama. (*Id.* at ¶9). Bravo is a limited liability company (LLC) organized under the laws of Alabama. (*Id.* at ¶10). Bravo has two members: Ramon Arias and Pamela Arias, who are both residents of Jefferson County, Alabama, and citizens of the State of Alabama. (*Id.*). Great American is a corporation organized under the laws of Ohio, with its

---

[1] Cahaba filed its complaint in Tuscaloosa County. (Doc. #1 at ¶3, n.1). Shortly after filing, counsel for Cahaba filed a Motion to Transfer to Bibb County. (*Id.*) However, Great American removed the case before the Motion was considered. (*Id.*)

[2] Cahaba prevailed against Bravo in Bibb County Circuit Court (the "Underlying Action") on March 23, 2019 and obtained a verdict of $1,825,000. *Cahaba Valley Health Serv's v. Jackson Bus. LLC, et al.,* No. CV-2013-900049 (Ala. Cir. Ct. March 23, 2019).

principal place of business in Cincinnati, Ohio. (*Id.* at ¶11).

Great American filed a timely Notice of Removal, pursuant to 28 U.S.C. § 1332(a), on July 30, 2019. (*Id.* at ¶3). At the time of removal, Cahaba was listed as Plaintiff, with Great American and Bravo listed as Defendants'. (*Id.*). Cahaba maintains that removal is proper under 28 U.S.C. § 1332(a) because Bravo should be realigned, in accordance with its interests. If Bravo is so realigned, diversity of citizenship under § 1332(a) is proper. Moreover, Great American maintains removal is proper because the Circuit Court of Tuscaloosa County, Alabama, the court in which this action was pending, is located within the jurisdiction of the United States District Court for the Northern District of Alabama. (Doc. # 1 at ¶5).

Prior to the filing of the instant action, on July 1, 2019, Great American filed a Complaint for Declaratory Judgment ("the Related Action"),[3] which sought a ruling that it does not have the duty to defend or indemnify Bravo or Cahaba in connection with the verdict obtained in the Underlying Lawsuit. (Doc. # 4 at ¶3). The same parties (Bravo, Cahaba, and Great American) are present in both the instant action and the Related Action. (*Id.* at ¶5).

Currently there are three motions pending before the court. (Docs. # 3, 4, 8). First, Defendant Great American's Motion for Realignment of Parties. (Doc. # 3). Second, Defendant Great American's Motion for Consolidation. (Doc. # 4). Third, Plaintiff Cahaba's Motion to Remand this case to the Circuit Court of Bibb County. (Doc. # 8).

## II. Analysis

Defendant Great American requests that this court consolidate the two cases and realign

---

[3] On July 1, 2019, Great American filed a Complaint for Declaratory Judgment, which seeks a ruling that it does not have the duty to defend or indemnify Bravo or Cahaba in connection with the verdict obtained in the Underlying Lawsuit. *Great Amer. Alliance Ins. Co., v. Bravo Food Serv's, et al.,* No. 7:19-cv-01026.

the parties to reflect their respective interests. Plaintiff opposes these requests and asks this court to remand this case to state court because the parties are not diverse. The outcome of these competing motions turns on whether the court has subject matter jurisdiction over the action.

### a. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and "because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citations omitted). Even so, cases that originally could have been filed in federal court may invoke this court's jurisdiction through removal from a state court proceeding. *E.g.*, *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

In this context, for removal to be proper, there must be complete diversity of citizenship and the amount in controversy must exceed $75,000. Here, the parties do not dispute that the amount in controversy requirement is met, (Doc. # 1 at ¶8), and with good reason: there was a $1,825,000 judgment entered by the state court. (Doc. # 1 at ¶4). Thus, the court's subject matter jurisdiction turns on whether there is complete diversity of citizenship between the parties.

The current alignment of the case pits an Alabama Plaintiff (Cahaba) against two Defendants, one from Alabama (Bravo) and one from Ohio (Great American). If this alignment controls, there is not complete diversity. However, federal courts are required to realign parties to reflect their interests in the litigation. *City of Vestavia Hills v. General Fidelity Ins. Co.,* 676 F.3d 1310, 1313 (2010) (citing *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941)). Moreover, "it is the duty . . . of the lower federal courts[ ] to look beyond the pleadings and arrange

4

the parties according to their sides in the dispute . . . as determined by 'the principal purpose of the suit' and 'the primary and controlling matter in dispute.'" *Vestavia Hills,* 676 F.3d at 1313-14 (citations omitted). When the interests of the parties are the same, the interested parties must be aligned together. *Id.* at 1314 ("[we] have reversed a district court's failure to [realign parties according to their respective interests], even where the parties' interests were in opposition outside of the issues raised in the subject action.").

An analogous example of realignment in the context of removal is *City of Vestavia Hills v. General Fidelity Insurance Company,* a case originally decided by this court. In *Vestavia Hills,* a municipality won a judgment in state court against Cameron Development Corporation ("Cameron"). *Id.* at 1312. Subsequently, Vestavia Hills filed a complaint under Alabama Code § 27-23-2 seeking to collect a judgment from Cameron's insurer, General Fidelity Insurance Company ("General Fidelity"). *Id.* The complaint named both General Fidelity and Cameron as defendants. General Fidelity removed the case to the Northern District of Alabama. *Id.* Vestavia Hills moved to remand the case for lack of complete diversity, as both Vestavia Hills and Cameron are citizens of Alabama. *Id.* However, this court realigned Cameron as a plaintiff "because Vestavia Hill's and Cameron's interests converged against General Fidelity, as both Vestavia Hills and Cameron want[ed] to force General Fidelity to provide coverage." *Id*.

Vestavia Hills sought an interlocutory appeal of the realignment and this court certified to the Eleventh Circuit this question: "whether a district court may . . . exercise its discretion to realign the parties based upon their actual interests." *Id.* After reviewing the complaint, the Eleventh Circuit determined "it is clear that Vestavia did not seek any relief from Cameron" and "[t]here [is] no longer [ ] any dispute between Vestavia Hills and Cameron, and the only thing that Cameron

5

could want out of this case is for Vestavia Hills to win." *Id.* at 1314. As such, the Eleventh Circuit concluded the district court did not err in realigning Cameron as a plaintiff and refusing to remand the action to state court. *Id.*

Following the Eleventh Circuit's decision in *Vestavia Hills*, multiple federal courts in the Eleventh Circuit have similarly determined that insureds named as nominal defendants in actions brought by judgment creditors pursuant to Alabama Code § 27-23-2 should be realigned for purposes of removal. *See, e.g., Chappell v. Texas Steakhouse of Ala., Inc.,* No. 16-cv-140-MHT-GMB, 2016 WL 3456936 (M.D. Ala. May 26, 2016); *Robinson v. Hudson Specialty Ins. Grp.,* No. 13-114-KD-M, 2013 WL 245701 (S.D. Ala. June 5, 2013); *Porter v. Crumpton & Ass'n,* LLC 862 F. Supp. 2d 1303 (M.D. Ala. May 29, 2012); *Cromwell v. Admiral Ins. Co.,* No. 11-0155-CG-N, 2011 WL 2670098 (S.D. Ala. June 21, 2011).

The same is true here. Just as in *Vestavia Hills*, Plaintiff Cahaba does not seek any relief from Defendant Bravo in their complaint. (*See* Doc. # 1 at ¶3). Rather, Plaintiff seeks relief from Defendant Great American. (*Id.*) Because Plaintiff obtained a state-court judgment against Defendant Bravo and "the only thing that [Bravo] could want out of this case is for [Plaintiffs] to win." *Vestavia Hills,* 676 F.3d at 1314.[4]

There is one more question the court must address. Cahaba argues that subject matter jurisdiction is not proper because Bravo, an unserved defendant, did not consent to removal pursuant to 28 U.S.C. § 1446(b) and "[r]emoval cannot be had without the consent of all served

---

[4] Further representing the true interests of the parties, the complaint in the Related Action lists Great American as a Plaintiff and both Cahaba and Bravo as Defendants. No. 7:19-CV-01026-RDP; (Doc. # 1).

6

parties."[5] (Doc. # 8 at 8). However, "[i]t is well settled in th[e] [Eleventh] Circuit that there is no requirement for a nominal 'defendant' correctly realigned as a party plaintiff to consent to removal." *Robinson v. Hudson Specialty Ins. Grp.,* No. 13-CV-114-KD-M, 2013 WL 2452701, at *5 (S.D. Ala. June 5, 2013) (holding that "because [nominal Defendant] should be realigned as a party plaintiff, it follows that the Defendants' removal petition is not defective because [nominal defendant] did not join in or consent to it."); *see, e.g., Cromwell v. Admiral Ins. Co.,* No. 11-0155-CG-N, 2011 WL 2689356 (S.D. Ala. July 7, 2011) (party named as defendant in action brought pursuant to Ala. Code § 27–23–2 was realigned as a party plaintiff and thus was not required to consent to removal). Because Bravo is correctly realigned as a party plaintiff, consent for removal is not necessary for subject matter jurisdiction.

After realignment, the court has subject matter jurisdiction. Plaintiffs Cahaba and Bravo are each citizens of Alabama, and Defendant Great American is a citizen of Ohio.[6] And because this is a direct action brought under Alabama Code § 27-23-2 (after an injured party obtained a judgment against an insurer), this is not the type of direct-action subject to the citizenship provisions of 28 U.S.C. § 1332(c)(1). *Vestavia Hills,* 676 at 1315 ("An action brought under Alabama Code § 27-23-2, where the injured party has already obtained a judgment against the

---

[5] Cahaba also argues that 28 U.S.C. § 1442(b)(2) precludes removal. *See* 28 U.S.C. § 1442(b)(2) (removal is not proper "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought."). This argument fails for two reasons. First, after re-alignment, Bravo is a party plaintiff, not a party defendant, therefore, § 1442(b)(2) does not apply. Second, Bravo is an unserved nominal defendant. Because Bravo has not been served, § 1442(b)(2) does not prevent removal. (Doc. #8 at 8–9)

[6] Plaintiff argues that Great American "should not be allowed to call a party it first named a 'defendant' a 'plaintiff.'" (Doc. # 8 at 11). Plaintiff states that having Bravo listed as both a Plaintiff and a Defendant will destroy diversity of citizenship and would be as awkward as a "prom date with a third cousin." *Id.* This argument misses the mark for at least two reasons. First, it runs squarely into the buzz saw of the Eleventh Circuit's decision in *Vestavia Hills.* Second, the purpose of realignment is to align the parties in accord with their respective interests. Bravo's interests, in the instant action, are analogous to Cahaba's interests. To the relief of third cousins everywhere, Bravo will be aligned with Cahaba, not Great American (and certainly not both Cahaba and Great American).

insured, is not a direct action as contemplated by § 1332(c)(1) . . . .").

Thus, after realignment, the court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and remand to state court would be improper.

### b. Motion to Consolidate

Pursuant to Federal Rule of Civil Procedure 42(a), Great American requests that the court consolidate this action with the pending related action, *Great American Alliance Ins. Co. v. Bravo Food Serv's, LLC, et al.* No. 7:19-CV-01026-RDP. Rule 42(a) states, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." The Eleventh Circuit has held that consolidation is permissive and vests a purely discretionary power in the district court. *Young v. City of Augusta,* 59 F.3d 1160, 1168 (11th Cir. 1995). Further, courts have been "urged to make good use of Rule 42(a) . . . where there is [ ] a common question of fact and law as to the liability of the defendant in order to expedite the trial and eliminate unnecessary repetition and confusion." *Will-Burn Recording and Publ'g Co. v. Universal Music Group Records,* No. 08-387-WS-N, 2009 WL 2096014, at *1 (S.D. Ala. July 10, 2009); *see Dupont v. Southern Pac. Co.,* 366 F.2d 193, 195 (5th Cir. 1966).

When the court exercises its discretionary consolidation power, it must consider: (1) "the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions"; (2) "the burden on the parties and the court"; (3) "the length of time"; and (4) "the relative expenses of proceeding with separate lawsuits if they are not consolidated." *Will-Burn Recording and Publishing Co. v. Universal Music Group Records,* No. 08-387-WS-N, 09-0287-WS-N, 2009 WL 2096014, at *1 (S.D. Ala. July 10, 2009) (citing *Hendrix v. Raybestos-Manhattan, Inc.,* 776 F.2d 1492, 1495 (11th Cir. 1985)). Further, actions involving

8

the "same parties are apt candidates for consolidation . . .[and] consolidation is particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts." *Id. (*citing *Blasko v. Wash. Metro. Area Transit Auth.,* 243 F.R.D. 12, 15 (D.D.C. 2007).

Here, the cases at issue are ripe for consolidation. Both actions have identical parties, involve the same facts, and will require an in-depth analysis of the same insurance documents and coverage. The burden on the court and parties, as well as the time involved in consolidating the cases, is not great as both cases are still in the early pleading stage. *Cf. Walker v. H. Council Trenholm State Tech. Coll.,* No. 06-cv-49, 2007 WL 1140423, at *5 (M.D. Ala. Apr. 17, 2007) (denying defendant's motion to consolidate because "[t]he fact that the two lawsuits are in different stages of trial preparation presents [ ] another reason for denying the motion to consolidate.").

## III. Conclusion

For the reasons explained above, Defendant Great American's Motions for Realignment of Parties (Doc. # 3) and Consolidation of Parties (Doc. #4) are due to be granted, and Plaintiff's Motion to Remand (Doc. # 8) is due to be denied. A separate Order will be entered contemporaneously.

**DONE** and **ORDERED** this September 20, 2019.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE