FILED
2019 Nov-21 PM 03:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| GREAT AMERICAN ALLIANCE COMPANY, | }<br>}<br>} |
| Plaintiff, | }<br>} Case No.: 7:19-CV-1026-RDP |
| v. | }<br>} |
| BRAVO FOOD SERVICE LLC, et al., | }<br>} |
| Defendants. | } |

## MEMORANDUM OPINION

This matter is before the court on Cahaba Valley Health Services, Inc.'s Motion to Dismiss. (Doc. # 6). The Motion has been fully briefed (*see* Docs. # 6, 10) and is ripe for review. For the reasons stated below, Defendant's Motion is due to be denied.

**I.     Background**

This action arises out of a state court case, *Cahaba Valley Health Services v. Jackson Business, LLC, et al.*, Case No. CV 2013-900049, which was filed on June 28, 2013. The plaintiff in that case -- Cahaba Valley Health Services ("Cahaba") -- asserted state law claims against Bravo Food Service LLC ("Bravo"). (Doc. # 1 at 8-9, ¶¶ 16-17).[1]

On March 23, 2019, the jury in that case returned a verdict in favor of Cahaba Valley Health Services. (*Id.* ¶ 20). The state court entered judgment against Bravo Food Service LLC on three counts (*see id.* ¶¶ 20-22), and awarded Cahaba damages in the amount of $850,000.[2]

---

[1] When the court cites to a specific page number in a document, the page number corresponds to the court-filed page number, not the page number of the actual document.

[2] In the underlying state-court lawsuit, there were two defendants: Bravo Food Service LLC and Jackson Business, LLC. The jury returned a verdict in favor of Cahaba against both defendants. The total amount assessed against Bravo was $850,000. The total amount assessed against Jackson Business, LLC was $975,000. (Doc. # 6-2 at 1-2).

1

Plaintiff in this case, Great American Alliance Company ("Great American"), insures Bravo under a SAFEPAK Business Owners Insurance policy. (*Id.* at 3). Under the terms of the policy, Great American agreed to:

> pay those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury," "property damage," or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the Insured against any "suit" seeking those damages. However, we will have no duty to defend the Insured against any "suit" seeking damages for "bodily injury," "property damage," or "personal and advertising injury" to which this insurance does not apply. We may at our discretion, investigate any "occurrence" or offense and settle any claim or "suit" that may result.

(*Id.* at 82).

On July 1, 2019, Great American filed this case seeking a declaratory judgment that it owes neither a defense nor indemnity to Bravo. (Doc. # 1). Great American argues it does not owe coverage because: (1) under the relevant terms of the insurance policy, pure economic loss is outside of the policy's terms;[3] and (2) there is no coverage under the Policy for the state-court jury verdict against Bravo. (*Id.* at 10-11, ¶¶ 25, 32).

On July 25, 2019, Cahaba filed its own declaratory judgment action against Great American in state court alleging that Great American "owes Bravo Foods full coverage for the underlying verdict," which Cahaba is entitled to. (Doc. # 10-2 at 11). Great American removed the action to this court on July 30, 2019. (Doc. # 10-2 at 2). On September 20, 2019, this court granted Great American's Motion for Realignment of the Parties and Motion to Consolidate. (Doc. # 15). Cahaba's state-court declaratory judgment action was consolidated with Great American's declaratory action. This court properly has subject-matter jurisdiction over the parties, and both declaratory judgment actions are before the court.

---

[3] Specifically, Plaintiff argues that it has "no duty to defend and no duty to indemnify Bravo for conduct that does not constitute 'property damage' caused by an 'occurrence' as those terms are defined in the policy." (Doc. # 1 at 10, 24).

On July 20, 2019, Cahaba, which stands in Bravo's shoes in this action, filed its Motion to Dismiss Great American's declaratory judgment, arguing that (1) the claim for declaratory judgment is barred by Alabama's six-year statute of limitations for breach-of-contract claims, and (2) the pendency of the underlying state court action in Bibb County Circuit Court warrants dismissal. (Doc. # 6 at 3-4).

**II.     Standard of Review**

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. Appx. 136, 138 (11th Cir. 2011) (unpublished) (quoting *Am. Dental Assn. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

### III. Analysis

Cahaba advances two arguments as to why Great American's claim for declaratory judgment should be dismissed: (1) the action is barred by Alabama's six-year statute of limitations for breach-of-contract claims; and (2) the court should abstain because the underlying action is pending in state court and not final. (Doc. # 6 at 3). The court addresses each argument, in turn, and concludes that Cahaba's Motion is due to be denied.

#### A. Great American's Claim for Declaratory Judgment Is Not Barred by a Statute of Limitations

Cahaba contends that Great American's claim for declaratory judgment is barred by the six-year statute of limitations applicable to contract actions. Great American asserts that it is not claiming breach of contract, and, further, it did not breach any contractual obligation to Bravo because it "honored its obligations to Bravo by undertaking Bravo's defense" in the state-court lawsuit. (Doc. # 1 at 9, ¶ 19). The court agrees with Great American.

An insurer's claim seeking a declaration of rights is not one for breach of contract.[4] "Alabama's declaratory judgment act provides that "[a] contract may be construed [in a declaratory judgment action] either before or after there has been a breach[.]" *VanLoock v. Curran*, 489 So. 2d 525, 531 (Ala. 1986) (citing Ala. Code § 6–6–224). "The purpose behind the Declaratory Judgment Act is to afford a[ ] form of relief from uncertainty and insecurity with respect to rights, status, and other legal relations. . . . [I]t permits actual controversies to be settled before they ripen into violations of law or a breach of contractual duty." *Eisenberg v. Standard Ins. Co.*, 2009 WL 3667086, at *2 (S.D. Fla. Oct. 26, 2009).

In such a situation, the statute of limitations for breach of contract begins to run "at the time of breach even if no actual damage is sustained." *Ex parte Stonebrook Dev., L.L.C.*, 854 So. 2d 584, 588 (Ala. 2003) (citation omitted). "[I]n an action seeking indemnification the limitations period does not begin to run until liability has become fixed." *Am. Commercial Barge Line Co. v Roush*, 793 So. 2d 726, 729 (Ala. 2000); *see also Ex parte Stonebrook*, 854 So. 2d at 588 (holding that the cause of action did not accrue "until a judgment in favor of [the plaintiff] was entered against [the defendant]. . . . [At that point, the defendant] suffered actual damage.").

---

[4] There is no contract breach alleged in the complaint. However, even if Great American's complaint alleged a breach of contract (and, to be clear, it does not), Cahaba's argument that the claim is untimely is still without merit. Under Ala. Code § 6–2–34(9), "[a]ctions upon any simple contract" must be commenced within six years. Generally, in order to bring a breach of contract claim, the parties must be in contractual privity with one another. *Dunning v. New England Life Ins. Co.*, 890 So. 2d 92, 97 (Ala. 2003) ("It is well-settled law that 'one not a party to, or in privity with a contract, cannot sue for its breach.'") (citation omitted). However, under Alabama Code § 27–23–2:

> Upon the recovery of a final judgment against any person, firm, or corporation by any person . . . for loss or damage on account of . . . loss or damage to property, if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within 30 days after the date when it is entered, the judgment creditor may proceed against the defendant and the insurer to reach and apply the insurance money to the satisfaction of the judgment.

Therefore, Alabama law allows for a third-party who was injured by the insured to directly sue the insurer for his or her damages.

Here, Cahaba argues that Great American's cause of action (*i.e.*, its ability to bring an action for declaratory judgment) began to run when the initial state-court complaint was filed—on June 27, 2013. (Doc. # 6 at 4). Cahaba cites no authority for this proposition, and its argument is without merit.[5] Under the correct legal analysis, the statute of limitations on Great American's declaratory judgment action did not begin to run until, at the earliest, the date that the jury entered its verdict in favor of Cahaba—on March 23, 2019.[6] (Doc. # 6-1 at 2); *see Tower Grp. Companies v. Ozark Housing Dev't Inc.*, 984 F. Supp. 2d 1193, 1199 n.5 (M.D. Ala. 2013) ("Under Alabama law, the relevant statute of limitations period does not begin to run in an indemnification action until the insured is found liable."). Great American filed this action approximately four months after the jury rendered its verdict. Therefore, Great American clearly filed its complaint within the applicable statute of limitations.

### B. Great American's Claim for Declaratory Relief Is Ripe as to Its Duty to Defend but Not Ripe as to Its Duty to Indemnify

Great American seeks to have its duties and obligations determined by the court to avoid any potential action for breach of contract. In other words, Great American wishes to avoid any claim for breach of contract by seeking a declaration of its rights and responsibilities under the insurance policy. *See Privilege Underwriters Reciprocal Exch. v. Grayson*, 226 So. 3d 653, 658 (Ala. 2016) (noting that "[t]he courts in this State have routinely entertained declaratory-judgment actions filed by insurance companies seeking a determination regarding their rights and obligations

---

[5] But, even if the six-year statute of limitations applied and began to run on the date Great American was given notice of the state-court lawsuit (which, to be clear, it did not), Great American's claim would still be timely. Great American received notice of the state-court lawsuit on August 5, 2013. (Doc. # 10-1 at 2). Its complaint for declaratory relief was filed on July 1, 2019—less than six years later. (Doc. # 1).

[6] As discussed below in more detail, the underlying state-court action is currently on appeal in the Alabama Supreme Court. Bravo appealed the jury verdict. The Alabama Supreme Court has yet to rule on any aspect of the case; therefore, Bravo may not be said to be found "liable" until the Supreme Court rules on the case. If that is the case, then it does not change the analysis; it only reiterates that the statute of limitations has not run.

under a policy, especially concerning coverage."). "Neither party to an insurance contract should be compelled to wait until the events giving rise to liability have occurred before having a determination of the rights and obligations under the policy." *Id.* (quoting *Federated Guar. Life Ins. Co. v. Bragg*, 393 So. 2d 1386, 1388-89 (Ala. 1981)). The court analyzes the questions of Great American's duty to defend and indemnify separately below.

### i. Duty to Defend

Because Great American has been providing Bravo a defense, its request for a declaration that it owed no duty to further defend is clearly ripe. But the duty to defend an insured is a broader one than the duty to indemnify. *Universal Underwriters Ins. Co. v. Stokes Chevrolet, Inc.*, 605 (11th Cir. 1993) ("[B]ecause the decision on whether to provide a defense must be made at a preliminary stage in the proceedings, Alabama holds that an insurer's duty to defend may be broader than its duty to indemnify.").

Here, Great American contends that it defended Bravo in the underlying state-court lawsuit up until the time "additional facts were obtained . . . that established no coverage existed under the Policy for the [u]nderlying [l]awsuit." (Doc. # 1 at 9, ¶ 19). Therefore, Great American urges that it has no duty to defend Bravo because the conduct complained of is not covered by the policy.

"[W]hether an insurer has a duty to defend a suit against its insured is generally considered a controversy ripe for declaratory relief, even when the issue of the insurer's actual liability in the underlying suit may not be considered until after a resolution of that suit." *St. Paul Fire & Marine Ins. Co. v. Town of Gurley, Ala.*, 2012 WL 3637690, at *4 (N.D. Ala. Aug. 22, 2012) (quoting 16 LEE R. RUSS & THOMAS F. SEGALLA, COUCH ON INSURANCE 3d § 227:29 (1997)). The issue of whether Great American has a duty to *defend* is ripe for this court's review because Great American undertook defense of Bravo in the underlying state action, and that action is still

7

pending.[7] "Courts have recognized a controversy exists regarding the duty to defend when the insured seeks a defense from an insurance company, but the insurance company denies that it is obligated." *Atlantic Cas. Ins. Co. v. GMC Concrete Co., Inc.*, 2007 WL 4335499, at *5 (S.D. Ala. Dec. 7, 2007). This is this case here. Bravo seeks a continuing defense; Great American asserts it is not required to provide any further defense. The issue of whether Great American has a duty to defend is ripe.

### ii. Duty to Indemnify

The pleadings in this case plainly raise an issue as to whether, at present, Great American owes Bravo a duty to defend. The same cannot be said (at least at this time) about the duty to indemnify. "[A] justiciable controversy is one that is 'definite and concrete, touching the legal relations of the parties in adverse legal interest, and it must be a real and substantial controversy admitting of specific relief through a [judgment].'" *Privilege Underwriters*, 226 So. 3d at 657 (quoting *MacKenzie v. First Ala. Bank*, 598 So.2d 1367, 1370 (Ala. 1992)). Alabama law recognizes that "an insurer's duty to indemnify is not ripe for adjudication unless and until the insured or putative insured has been held liable in the underlying action." *Accident Ins. Co. v. Greg Kennedy Builder, Inc.*, 159 F. Supp. 3d 1285, 1288 (S.D. Ala. 2016); *see Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 776 F. App'x 768, 770 (11th Cir. 2019) ("[An] insurer's duty to indemnify [the insured] is not ripe for adjudication until the underlying lawsuit is resolved.").

The judgment in the underlying state court action is not final. On August 22, 2019, Bravo appealed the jury verdict and the denial of all post-trial motions to the Alabama Supreme Court. *Cahaba Valley Health Services v. Jackson Business, Inc., Bravo Food Service LLC*, CV-2013-

---

[7] The state-court case is currently on appeal in the Alabama Supreme Court.

900049.00 (Bibb Cty. Circuit Court Aug. 22, 2019). Because that appeal is still pending before the Alabama Supreme Court, "[a]ny discussion of the duty to indemnify would be premature . . . given the lack of any final adjudication of the [u]nderlying [a]ction." *Essex Ins. Co. v. Foley*, 2011 WL 1706214, at *3 (S.D. Ala. May 5, 2011).

Given that the issue of whether Great American owes a duty to indemnify is not yet ripe for adjudication, but the question of whether it owes is a duty to defend is, the court adopts the following approach taken by the court in *Employers Mutual Casualty Co. v. Evans*, 76 F. Supp. 2d 1257 (N.D. Ala. 1999).

> [I]t should retain jurisdiction to hear both the duty to defend and the indemnification issues. The duty to defend is more extensive than the duty to indemnify. If the court determines that there is a duty to defend, it may well be appropriate not to then reach the further issue of duty to indemnify. However, a determination that there is no duty to defend may well determine the duty to indemnify issue. Both discretion and common sense mandate that the court retain jurisdiction at least until the duty to defend issue is determined . . . .

*Id.* at 1262. The duty to indemnify issue will remain part of the case, but it will not be considered until the earlier of "(a) final disposition of the [underlying state-court] [a]ction; or (b) a ruling on the duty to defend, at which time the [c]ourt will entertain any motion that the parties may wish to file concerning the duty to indemnify claims." *See Atlantic Cas. Ins. Co.*, 2007 WL 4335499, at *6. Thus, Great American's request for declaratory relief on whether it has a duty to indemnify will be stayed.

### C.  Abstention is Not Proper Here

Cahaba also argues the court should refrain from hearing this case while the "parallel" Bibb County state court action is pending. The court disagrees. Abstention is not warranted because the Bibb County case is not a "parallel" action.[8] Rather, it is the underlying action.

---

[8] As our Circuit Court has explained, "when [separate] federal and state proceedings involve substantially the same parties and substantially the same issues" they are parallel. *Ambrosia Coal and Const. Co. v. Pages Morales*, 368 F.3d

"[T]he Declaratory Judgment Act is properly 'understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants.'" *Lexington Ins. Co. v. Rolison*, 434 F. Supp. 2d 1228, 1233 (S.D. Ala. 2006) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)). "[C]ourts in this Circuit have long recognized that they have discretion to 'decline to entertain a declaratory judgment action on the merits when a pending proceeding in another court will fully resolve the controversy between the parties[,]'" *i.e.*, where a parallel state court action exists. *State Farm Fire and Cas. Co. v. Knight*, 2010 WL 551262, *2 (S.D. Ala. 2010) (citation omitted); *Penn. Nat. Mut. Cas. Ins., Co. v. King*, 2012 WL 280656 (S.D. Ala. 2012). The Eleventh Circuit has observed that the Act "only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005). "'The desire of insurance companies . . . to receive declarations in federal court on matters of purely state law has no special call on the federal forum.'" *Lexington Ins. Co.*, 434 F.Supp.2d at 1233 (quoting *State Auto Ins. Companies v. Summy*, 234 F.3d 131, 136 (3rd Cir.2000)). This court has discretion to "decline to entertain a declaratory judgment action on the merits when a pending proceeding in another court will fully resolve the controversy between the parties." *Ven-Fuel, Inc. v. Dep't of the Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982). The Eleventh Circuit has emphasized that considerations of federalism, comity, and efficiency require district courts to balance federal and state interests in determining how (and whether) to exercise their discretion to hear a declaratory judgment action in the face of a parallel state action. *Ameritas Variable Life Ins. Co.*, 411 F.3d at 1330-31.

The underlying state-court action is not "parallel" to the current proceedings. That action

---

1320, 1330 (11th Cir. 2004) (addressing the *Colorado River* abstention analysis); *see Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 997 (8th Cir. 2005) ("For purposes of *Wilton* abstention analysis, '[s]uits are parallel if substantially the same parties litigate substantially the same issues in different forums.'").

involved claims of negligence, nuisance, trespass, and wantonness. (Doc. # 1 at 8-9, ¶ 16). The current litigation involves solely a claim for declaratory relief and whether Bravo had insurance coverage for the claims in that case. (Doc. # 1). Moreover, Great American was not a party to the state-court action.

> When a declaratory judgment action is brought by an insurer against an insured, there are no parallel proceedings if (1) the insurer was not a party to the suit pending in state court; and (2) the state court actions involved issues regarding the insured's liability, whereas the federal suit involved matters of insurance coverage.

*Emp.'s Mut. Cas. Co. v. Kenny Hayes Custom Homes, LLC.*, 101 F. Supp. 3d 1186, 1189 (S.D. Ala. 2015) (internal quotation marks omitted). Because the state court action involves issues regarding Bravo's liability, and Great American's declaratory judgment action concerns only Bravo's insurance coverage, the state court action cannot be considered "parallel." *Knight*, 2010 WL 551262, at *5 n.10 (noting that most of the *Wilton/Brillhart* abstention factors "only favor abstention when both the state and federal courts are asked to decide the same legal or factual issues") (citation omitted). For these reasons, abstention is not appropriate.

### D. Conclusion

For all of the reasons discussed above, Cahaba's Motion to Dismiss is due to be denied. Plaintiff's complaint is not barred by a statute of limitations, and there is no "parallel" state court proceeding warranting abstention. The duty to defend claim appears ripe for adjudication. And, while the same cannot be said as to the duty to indemnify claim, that claim will remain part of the case, but be stayed. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this November 21, 2019.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE